UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL GEORGE RAYFORD,<br>    Plaintiff,<br>    v.<br>F. MEDINA, et al.,<br>    Defendants. | Case No. 14-1318-VC (PR)<br><br>**ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Doc. no. 2 |

Raphael George Rayford, an inmate at Salinas Valley State Prison proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers and employees of the prison. Rayford has filed a motion for leave to proceed in forma pauperis, which is granted in a separate order. Rayford also files a motion to appoint counsel which, as explained below, is denied. The Court now addresses the claims asserted in Rayford's complaint.

**DISCUSSION**

**I.     Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to identify any cognizable claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II. Rayford's Allegations

Rayford's complaint alleges the following.

On April 17, 2013, Rayford was placed in Administrative Segregation because he filed a complaint against a correctional officer. Defendant Officer F. Medina harassed Rayford on a regular basis in retaliation for Rayford's filing of that complaint. For instance, one time Medina threw Rayford's lunch into the toilet and, another time, Medina dropped a portion of Rayford's lunch on the ground, kicked it under the cell door and stated, "Enjoy your meal." On another occasion, Medina and two other officers threw three five-gallon buckets of chemically treated water into Rayford's cell.

In May 2013, Rayford described Medina's conduct to Defendant Sergeant Sanchez and expressed fear that Medina would harm him. Sanchez stated, "I can't tell those guys what to do because I've done some of those things myself." When Rayford asked Sanchez to move him to another location, Sanchez refused.

From May 15 through July 21, 2013, Rayford sought help from Defendant Dr. K. Chase, his mental health care provider. Rayford told Chase about Medina's conduct and expressed fear that Medina would harm him, but Dr. Chase said there was nothing she could do because "their

boss is not my boss." She also told Rayford to become "more congruent." When Rayford asked Chase to have him moved, she said she was not able to do so.

On July 21, 2013, Medina opened the food port of Rayford's cell and, without warning, sprayed pepper spray on Rayford. Rayford was only wearing boxer shorts and attempted to protect himself with a blanket, but it was perforated, so he was struck on his face, torso, forearms and crotch with pepper-spray. After Medina emptied the first can of pepper spray, he told Defendant Officer E. Brown to give him another can of pepper spray and Brown complied. Medina opened the food port of Rayford's cell and began spraying Rayford with the second can. Defendant Officer J. Carmona assisted Medina by acting as a look out. Carmona stood guard at the front of the cell laughing as he watched Medina assault Rayford with pepper spray. Carmona made a false radio call stating that there was a resistive inmate in Delta 8, A-Pod, referring to Rayford. When the second can of pepper spray was empty, Medina pressed his alarm and yelled, "cuff up, put it out." Carmona opened the food port to Rayford's cell to place him in waist restraints. Rayford was placed in a holding cell where he was examined by the medical nurse and fire marshal.

Medina, Carmona and Brown were supervised by Defendant Sergeant T. Tomasian. Tomasian covered up the pepper-spray incident by treating the incident as arson perpetrated by Rayford. Tomasian told Medina and Carmona, who were writing their incident reports, how to treat the incident as arson. Tomasian took photographs of Rayford's cell and submitted nine photographs, but none of them showed the back of the cell where the pepper-spraying took place. Tomasian then wrote a false supplemental report to cover up the pepper-spraying.

After the pepper-spray incident, Rayford filed a complaint against Medina and Carmona for excessive force. Defendant Sergeant E. Sanchez investigated Rayford's complaint. Sanchez's investigative report did not include Rayford's facts about the incident.

On December 23, 2013, Defendant Lieutenant G. R. Salazar held a disciplinary hearing against Rayford about the pepper-spray incident based on the falsified reports submitted by Medina, Carmona, Brown, and Tomasian. Salazar denied Rayford the right to question six witnesses including Medina, Carmona, Brown, Tomasian, Chase and the fire marshal. Salazar

3

failed to state in writing why Rayford's questions for his proposed witnesses were not relevant. During the hearing, Rayford was denied the right to present rebuttal evidence and was denied the right to see the nine photographs of the alleged arson scene that was used as evidence against him.

As a result of the harassment, Rayford became suicidal. He was referred to mental health services, placed on medication and then re-housed in a different yard at the request of Dr. Chin.

### III. Rayford's Claims

Based on these allegations, Rayford asserts the following claims: (1) denial of access to the court; (2) denial of due process; (3) conspiracy; (4) retaliation; (5) falsifying documents; (6) staging a crime scene; (7) cruel and unusual punishment; and (8) equal protection.

Liberally construed, the pleadings appear to state a cognizable Eighth Amendment excessive force claim against Medina, Carmona, Brown and Tomasian. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (Eighth Amendment protects inmates from unnecessary and wanton infliction of pain). Liberally construed, the complaint also appears to state a cognizable Eighth Amendment claim against Sanchez and Chase for knowing about the defendants' unconstitutional behavior and doing nothing to intervene to prevent it or to transfer Rayford to a safe location. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison officials who personally use excessive force against a prisoner as well as those who fail to intervene to stop the actions of other prison officials can violate a prisoner's Eighth Amendment right to be free from the use of excessive force).

Liberally construed, the complaint appears to state a cognizable First Amendment retaliation claim against Medina for physically abusing Rayford in retaliation for filing a complaint against an officer. *See Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) (an inmate may state a First Amendment retaliation claim by alleging that a state actor took some adverse action against the inmate because of that inmate's protected conduct, that such action chilled the inmate's exercise of his First Amendment rights, and that the action did not reasonably advance a legitimate correctional goal). Because the complaint does not allege that any other defendant retaliated against Rayford, the retaliation claim as to all other defendants is dismissed. Dismissal is with leave to amend for Rayford to remedy this deficiency against other defendants, if he truthfully can do so.

Liberally construed, the complaint appears to state a cognizable due process claim against Salazar for denying Rayford the ability to call witnesses, to see the evidence against him and to present rebuttal evidence. *See Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003) (finding a due process violation where hearing officer failed to offer a convincing explanation for why he did not allow witnesses and failed to follow state regulation requiring him to document his reasons for refusing to grant inmate's request for witnesses. The due process claim against all other defendants is dismissed.

The complaint does not state a cognizable claim against Sanchez for failing to provide the investigative report that Rayford would have liked. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (there is no federal constitutional right to a prison administrative appeal or grievance system for California inmates; prison officials not liable for failing to process an appeal properly, denying an inmate appeal or granting an inmate appeal).

Likewise, the complaint does not state cognizable claims based on Defendants' falsifying reports or staging a crime scene. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (9th Cir. 1989) (standing alone, allegation of falsity of charges does not establish violation of constitutional right). However, in *Sprouse*, the court noted that a retaliation claim based on such allegations may state a cognizable claim. *Id.*

Further, the complaint contains no allegations that support claims based on lack of access to the court or violation of equal protection. Therefore, these claims against all defendants are dismissed. Plaintiff may file an amended complaint with allegations that would state such claims, if he truthfully can do so.

**IV. Motion to Appoint Counsel**

Rayford moves for the appointment of counsel because the legal issues are complex and he is unable to adequately investigate or present the factual issues regarding his claims.

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to

5

afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* At this stage, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. If, in the future, the Court concludes it is necessary to appoint counsel to represent Plaintiff, it shall do so *sua sponte*.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint appears to state a cognizable Eighth Amendment claim for excessive force against Medina, Carmona, Brown and Tomasian. The complaint appears to state a cognizable Eighth Amendment claim against Sanchez and Chase for knowing of and failing to prevent the alleged unconstitutional physical abuse and excessive force against Rayford.

2. The complaint appears to allege a cognizable First Amendment retaliation claim against Medina. This claim against all other defendants is dismissed with leave to amend.

3. The complaint appears to state a cognizable claim against Salazar for failing to provide Rayford with procedural due process at his disciplinary hearing. This claim is dismissed as to all other defendants.

4. The claims based on falsifying documents and staging a crime scene are dismissed. Plaintiff is granted leave to amend to base a retaliation claim on these allegations, if he truthfully can do so.

5. The complaint does not state cognizable claims based on denial of access to the court or violation of equal protection. These claims are dismissed as to all defendants with leave to amend.

6. Rayford may, but is not required to, file a first amended complaint ("FAC") remedying the deficiencies noted above regarding the claims for retaliation, denial of access to the court and equal protection. If he so chooses, he must include factual allegations indicating the specific

conduct of each defendant that violated these constitutional rights.

7. If Rayford wishes to file a FAC, he must do so within twenty-one days from the date of this Order. The FAC must include the caption and civil case number used in this Order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Rayford must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal with prejudice of the claims that are dismissed in this Order with leave to amend. Rayford's cognizable claims will proceed in accordance with the schedule set forth below.

8. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order to Medina, Carmona, Brown, Tomasian, Sanchez, Chase and Salazar at SVSP. The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the California Attorney General's Office and a copy of this Order to Plaintiff.

9. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the

7

summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

10. The following briefing schedule shall govern dispositive motions in this action:

a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 11. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

 12. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

 13. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 14. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

 15. The motion for appointment of counsel is DENIED. Docket no. 2.

**IT IS SO ORDERED.**

Dated: June 5, 2014

_____
VINCE CHHABRIA
United States District Judge