UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAPHAEL GEORGE RAYFORD,

  Plaintiff,

 v.

F. MEDINA, et al.,

  Defendants.

Case No. 14-cv-01318-VC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AS MOOT AND GRANTING DEFENDANTS' MOTIONS FOR EXTENSION OF TIME TO FILE REPLY AND TO STAY DISCOVERY**

Re: Dkt. Nos. 21, 24, and 27

  Plaintiff Raphael Rayford, a state prisoner at Salinas Valley State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against officers and employees of the prison. On August 22, 2014, two defendants filed a motion to dismiss for failure to state a claim and the remaining defendants filed a motion for summary judgment based on Rayford's failure to exhaust administrative remedies. *See* Dkt. No. 13. On August 28, 2014, Rayford filed a motion for leave to file an amended complaint. *See* Dkt. No. 21. On September 5, 2014, Rayford filed an opposition to Defendants' motion to dismiss and for summary judgment. *See* Dkt. No. 23. On September 10, 2014, Defendants filed a motion for an extension of time to file their reply until the Court ruled on Rayford's motion to amend his complaint. *See* Dkt. No. 24. Finally, on September 12, 2014, Defendants filed a motion to stay discovery until the Court rules on their dispositive motion. *See* Dkt. No. 27.

**DISCUSSION**

**I. Motion for Leave to File an Amended Complaint**

  Rayford states that he seeks to file an amended complaint to "add new legal claims and to clarify certain facts . . . to enable the plaintiff to adequately respond to the defendants' motion to dismiss and motion for summary judgment." Rayford does not attach a proposed amended complaint to his motion nor does he indicate what new legal claims and facts he seeks to add.

  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Defendants' responsive pleading was filed on August 8, 2014 and Rayford's motion was filed on August 28, 2014, within the twenty-one day period. Therefore Rayford may file an amended complaint as a matter of course and does not require leave of the Court to do so. Therefore, his motion to file an amended complaint is denied as moot. He must file his amended complaint within twenty-one days of the date of this order.[1] If Rayford fails to file an amended complaint within this time, he shall not be allowed to file it and his original complaint will remain the operative complaint in this action.

## II. Defendants' Motion for Extension of Time to File Reply

Defendants request that the time for filing their reply to their motion to dismiss and for summary judgment be changed to fourteen days after the Court rules on Rayford's motion to file an amended complaint. In this order, the Court grants Rayford's motion. However, because Rayford has not filed a proposed amended complaint, Defendants do not know what his cognizable claims will be. Therefore, the time for Defendants to file a reply is stayed until Rayford files his amended complaint and the Court reviews it under 28 U.S.C. § 1915A(a). At that time, the Court will issue a new briefing schedule.

## III. Defendants' Motion to Stay Discovery

Defendants move to stay discovery until the Court rules on their motion for summary judgment based on exhaustion and motion to dismiss. Defendants assert that Rayford has submitted a request for production of documents, but that none of the requests concerns exhaustion of administrative remedies.

The Court grants, in part, Defendants' motion for a stay of discovery until the Court rules

---

[1] The Court notes that Rayford does not require an amended complaint to respond to Defendants' motion for summary judgment based on failure to exhaust. To respond to the exhaustion claim, Rayford must file evidence with his opposition demonstrating that he exhausted his administrative remedies.

2

on their motions. *See* Fed. R. Civ. P. 26(c) (court may issue protective orders to stay discovery for good cause); Fed. R. Civ. P. 26(b)(2)(c)(iii) (court may limit discovery when burden or expense of proposed discovery outweighs its likely benefit). If the Court does not grant judgment in favor of Defendants on exhaustion grounds and denies the motion to dismiss, the stay will automatically be lifted and discovery will proceed in accordance with the Rules of Civil Procedure. This stay of discovery does not apply to any cognizable claims in an amended complaint.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Rayford's motion to file an amended complaint is denied as moot because he may file such a complaint without leave of the Court. Rayford must file an amended complaint within twenty-one days from the date of this order or his original complaint will remain the operative complaint in this action. The amended complaint must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Rayford must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. Defendants' motion for an extension of time to file a reply is granted. The time for Defendants to file a responsive pleading is stayed until Rayford files his amended complaint and the Court reviews it under 28 U.S.C. § 1915A(a). At that time, the Court will issue a new briefing schedule.

3. Defendants' motion to stay discovery is granted, in part. The stay will not affect any new cognizable claims in an amended complaint.

**IT IS SO ORDERED.**

Dated: September 18, 2014

_____
VINCE CHHABRIA
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAPHAEL GEORGE RAYFORD,

    Plaintiff,

  v.

F. MEDINA, et al.,

    Defendants.

Case No.  14-cv-01318-VC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raphael George Rayford ID: D-76886
Salinas Valley State Prison Fac D1-111L
P.O. Box 1050
Soledad, CA 93960-1050

Dated: 9/18/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

4